Matthias, J.
The principal question presented by this appeal is whether the procedure which must be followed for the detachment of territory from a municipality is a subject within the sphere of local self-government under the home-rule provisions of Article XVIII of the Ohio Constitution.
Sections 3 and 7 of Article XVIII, which confer home-rule power on municipalities, provide as follows:
“Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws. ’ ’
“Any municipality may frame and adopt or amend a charter for its government and may, subject to the provisions of section 3 of this article, exercise thereunder all powers of local self-government.”
Shortly after the adoption of these provisions, in the first of a long series of cases interpreting them, Chief Justice Shauck in State, ex rel. City of Toledo, v. Lynch, Aud., 88 Ohio St., 71, 102 N. E., 670, 48 L. R. A. (N. S.), 720, Ann. Cas. 1914D, 949, made the basic definition of the meaning of the phrase, “all powers of local self-government,” when in the course of his opinion he said, “They are such powers of government as, in view of their nature and the field of their operation, are local and municipal in character.”
Over the course of the more than 45 years since the adoption of these sections, with the above basic definition as a foundation, the extent of the power of local self-government in municipalities has been established.
*371 The power of local self-government granted to municipalities by Article XVIII relates solely to the government and administration of the. internal affairs of the municipality, and, in the absence of statute conferring a broader power, municipal legislation must be confined to that area. (See Prudential Co-Operative Realty Co. v. City of, Youngstown, 118 Ohio St., 204, 160 N. E., 695.) Where a proceeding is such that it affects not only the municipality itself but the surrounding territory beyond its boundaries, such proceeding is no longer one which falls within the sphere of local self-government but is one which must be governed by the general law of the state.
To determine whether legislation is such as falls within the area of local self-government, the result of such legislation or the result of the proceedings thereunder must be considered. If the result affects only the municipality itself, with no extraterritorial effects, the subject is clearly within the power of local self-government and is a matter for the determination of the municipality. However, if the result is not so confined it becomes a matter for the General Assembly.
This brings us to a consideration of the question raised by this appeal as to whether the detachment of territory from a municipality falls within the sphere of local self-government, so that the procedure therefor may be determined by the municipality.
At the outset, it must be borne in mind that a township is a political subdivision of the state. The effect of a successful detachment proceeding is to diminish the boundaries of a municipality and either to enlarge the boundaries of an existing township or to create an entirely new township. The result, therefore, of any detachment proceeding is a change not only in the boundaries of a municipality but also in the boundaries of another political subdivision of the state. Thus, it is clear, that detachment proceedings are not purely local in nature nor do they relate solely to the administration of the internal local affairs of a municipality, but on the contrary they extend beyond its borders since they affect the structure of other political subdivisions of the state.
Therefore, the detachment of . territory from a municipality is not a subject which falls within the sphere of local self- *372 government and to be left to the whims of each municipality, bnt is a matter which requires the establishment of a uniform procedure throughout the state and is exclusively within the control of the General Assembly.
This being a matter which falls solely within the power of the General Assembly, the statutes enacted by it are controlling and exclusive.
The next contention made by the village is that Section 709.39, Revised Code, is unconstitutional in that it violates Section 26 of Article II of the Ohio Constitution, which reads as follows:
“All laws, of a general nature, shall have a uniform operation throughout the state; nor, shall any act, except such as relates to public schools, be passed, to take effect upon the approval of any other authority than the General Assembly, except, as otherwise provided in this Constitution.”
This court has held many times that, to comply with this section, legislation need not affect every person in the state but that a reasonable classification may be made, and it is sufficient if the legislation operates equally upon every person and locality within such classification. An examination of Section 709.39, Revised Code, reveals that it has a uniform operation when considered in the light of the previous decisions of this court.
It appearing that none of the errors assigned by the village are well taken, the judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Stewart, Taet and Bell, JJ., concur.
Herbert, J., not participating.